**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMASON AUTO GROUP, LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 08-3365 (JLL) |
| CHINA AMERICA COOPERATIVE AUTOMOTIVE, INC., et al., | |
| Defendants, | **OPINION** |
| MARIO R. FERLA, et al., | |
| Plaintiffs, | |
| v. | |
| WILLIAM L. POLLACK, et al., | |
| Defendants, | |
| CHINA AMERICA COOPERATIVE AUTOMOTIVE, INC., et al., | |
| Plaintiffs, | |
| v. | |
| MARIO R. FERLA, et al., | |
| Defendants, | |

**LINARES**, District Judge.

Pending before this Court are several related motions – (1) a motion to transfer venue by

1

the Removing Parties[1] (Docket Entry#2); (2) a motion to remand and/or abstain by the Daspin Group[2] (Docket Entry # 14); (3) a motion to remand/abstain by Thomason[3] (Docket Entry # 24); and (4) a motion to terminate the special fiscal agent ("SFA") by Gerald C. Escala ("Escala"). The court considers the motions on the papers pursuant to Fed. R. Civ. P. 78. The motion to transfer venue is granted and the dual motions to remand are hereby transferred to the Central District of California. Finally, the motion to terminate the special fiscal agent shall be transferred to the Central of District of California, to be decided after that court decides the issue of remand/abstention.

**I.     Factual and Procedural History**

This civil action encompasses three separate, but related, lawsuits originally venued in the General Equity Part of the Chancery Division of the Superior Court of New Jersey in Morris County, a court that specializes in addressing disputes related to corporate governance.[4] On July 7, 2008, a number of individuals ("Removing Parties") collectively removed the State Court Actions to this Court pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027. The Court

---

[1] The Removing Parties consist of Mario Ferla, Thomas Del Franco, Jack Pitluk, Martin H. Karo, Alex Miskov, Steve Saleen, William Tally, Richard Kalika and Alexander Keeler.

[2] The Daspin Group consists of 1st Capital Corporation, Capital Corporation of America, Properties Development Group, Inc., Daspin & Co., Joan Daspin, Ronald A. Stella, Bradford P. Shaffer, and Michelle Shaffer.

[3] Thomason consists of the Thomason Auto Group, LLC, and Scott Thomason.

[4] The state court actions are: (1) <u>Thomason Auto Group, LLC v. China America Cooperative Automotive, Inc., et al.</u>, Docket No. MRS-C-27-08; ("Thomason Action"); (2) <u>Mario R. Ferla, et al. v. William L. Pollack, et al.</u>, Docket No. MRS-C-28-08 ("Ferla Action"); (3) <u>China America Cooperative Automotive, Inc., et al. v. Mario R. Ferla, et al.</u>, Docket No. MRS-C-47-08 ("CHAMCO Action") (collectively, the Thomason, Ferla, and CHAMCO cases are the "State Court Actions")

briefly sets forth the basis and history of the state court actions and then moves to the involuntary bankruptcy proceedings that have been filed in the Central District of California.

### A. State Court Actions

#### 1. Thomason Action

On March 3, 2008, Thomason filed a Verified Complaint Seeking Temporary Restraints, alleging that CHAMCO and ZXNA had fraudulently induced him to enter into a Distributorship Agreement ("Thomason Agreement"). Under the Thomason Agreement, dated December 29, 2007, Thomason agreed to pay $ 6 million to ZXNA in reliance upon ZXNA's allegedly fraudulent representations. Thomason alleges state-law claims of: (1) fraud in the inducement; (2) unjust enrichment; (3) conversion; and (iv) constructive trust. Judge Catherine Langlois, of the Superior Court of New Jersey, Chancery Division, granted Thomason's emergent application and issued an Order to Show Cause and Temporary Restraining Order, enjoining the China America Cooperative Automotive, Inc. ("CHAMCO") and ZXNA from "transferring, hypothecating, using, or otherwise disposing of any funds in their possession (or under their control) acquired from the investment of Plaintiff Thomason Auto Group, LLC pursuant to the Distributorship Agreement, dated December 29, 2007..." (McMahon Cert., Exh. D at 2.)

#### 2. Ferla Action

The Removing Parties filed the Ferla Action on March 3, 2008 – the same day as the commencement of the Thomason Action. Through the Ferla Action, the Removing Parties contend that they are the proper Board of Directors of CHAMCO. The Removing Parties also (1) sought enjoin defendants from taking actions that would bind CHAMCO; (2) sought to terminate a contract with CHAMCO's agents, Edward Michael Daspin and the 1st Capital

Corporation; (3) sought to enjoin further dissipation of corporate funds; and (4) sought to recover funds allegedly wrongfully taken by defendants. The event that precipitated the filing of the Ferla Action was a March 3, 2008 board meeting, during which a rift between two factions of board of directors of CHAMCO and ZXNA ripened into a contentious dispute.

### 3. CHAMCO Action

The March 3, 2008 board meeting also caused CHAMCO and ZXNA to file suit on March 31, 2008. The CHAMCO Action alleges 21 counts, including an allegation that the Removing Parties conspired to conduct a corporate coup on March 3, 2008. The CHAMCO Action also alleges a conspiracy between the Removing Parties and Thomason to fabricate the Thomason Action and disable CHAMCO and ZXNA through various default triggers in an Importation and Distribution Agreement.

### B. History of State Court Actions

On April 22, 2008, Judge Langlois held a hearing to address the corporate governance issues raised in both the Ferla Action and the CHAMCO Action. Subsequently, on May 1, 2008, she issued two orders: (i) Order Regarding Corporate Governance; and (ii) Order Appointing Temporary Special Fiscal Agent. The first order invalidated the March 3, 2008 Board of Directors meeting. The second directed the appointment of the Honorable Gerald C. Escala, P.J. Ch. (Ret.) as Temporary Fiscal Agent ("TFA").

### C. Involuntary Bankruptcy Petition

On June 3, 2008, an involuntary bankruptcy was filed under Chapter 7 of the Bankruptcy Code against ZXNA. Then, on July 7, 2008, a second involuntary bankruptcy petition was filed, this time against CHAMCO. The TFA initially opposed the bankruptcy filings and authorized

4

bankruptcy counsel to file a motion to dismiss the bankruptcy case or transfer it to the District of New Jersey.  (Motion to Terminate Temporary Fiscal Agent, Escala Cert., ¶ 22.)

Eventually, however, he decided that the prudent path was to "pursue a settlement of the involuntary bankruptcy filings with the petitioning creditors."  (Id. ¶ 25.)  On September 8, 2008, the petitioning creditors and CHAMCO/ZXNA reached a settlement and filed a motion to approve the settlement in the bankruptcy court.  In re China America Cooperative, Inc., Case No. 8:08-bk-13876-TA (Bankr. C.D. Cal.) ("CHAMCO Bankruptcy Action")  (Docket Entry # 56 ("Settlement Agreement")).  Thomason as well as Ronald Stella and Edward Michael Daspin, opposed the motion.  (Id.)  On October 6, 2008, the bankruptcy court held a hearing, and on December 23, 2008, it approved the settlement with a few revisions.  (Id.)  Pursuant to the settlement agreement, a Chapter 11 trustee has been appointed and the bankruptcies has been converted from Chapter 7 to Chapter 11 proceedings.  (CHAMCO Bankruptcy Action, Docket Entry # 62.)

**II.**     **Analysis**

    **A.**     **§ 1334 Jurisdiction**

Before proceeding to the merits of the remand, abstention, and transfer venue motions, the Court must determine whether the case has been removed properly and/or whether the court has subject matter over the proceeding.  Everett v. Friedman's Inc., 329 B.R. 40, 41 (S.D. Miss. 2005).  A party may remove an action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a).  Pursuant to 28 U.S.C. § 1334, federal district courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases

under title 11." 28 U.S.C. § 1443(b).

A "related to" proceeding satisfies the broadest path to federal jurisdiction; thus, the Court conducts its jurisdictional analysis on that ground. In the Third Circuit, the "related to" test is broad – "the usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995)) (emphasis in original). The proceeding need not be against the debtor or the debtor's property. Id. Rather, "an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Id. However, the mere fact that there may be common issues of fact between a civil proceeding and a dispute involving the bankruptcy estate does not bring the matter within the scope of § 1334(b). Id. Instead, "there must be some nexus between the 'related' civil proceeding and the title case." Id.

The Court finds that each of the State Court Actions separately satisfies "related to" jurisdiction. The Thomason Action and CHAMCO Action involve the debtor itself and thus are clearly "related to" the bankruptcy estate. This is especially true given that the Thomason Action requests rescission of the Thomason Agreement, a remedy that would affect at least $ 6 million of the bankruptcy estate. The Ferla Action does not directly involve CHAMCO or ZXNA but it addresses the question of who constitutes the CHAMCO Board of Directors and it requests limits of further dissolution of corporate funds. Thus, all three State Court Actions fall within the Third

Circuit's broad articulation of "related to" jurisdiction.[5]

### B. Venue, Remand and Abstention

Having established that the State Courts Action are properly within the jurisdiction of this Court pursuant to 28 U.S.C. § 1334, the Court turns to the overlapping motions filed by the three parties – two motions to remand or abstain and one motion to transfer venue.

28 U.S.C. § 1334(c)(2) mandates remand and/or abstention in the following scenario:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such a proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Moreover, 28 U.S.C. 1334(c)(1) allows for permissive abstention, upon consideration of a variety of factors. 28 U.S.C. § 1334(c)(1); see also In re Donington, Karcher, Salmond, Ronan & Rainone, P.A., 194 B.R. 750, 756 (D.N.J. 1996) (describing factors pertinent to permissive abstention). Before addressing mandatory or permissive remand, however, the Court considers whether the Bankruptcy Court in the Central District of California – the "home court" – would be better equipped to address those motions.

### 1. Home Court Presumption

Generally, courts defer to the home court of the bankruptcy to decide the issue of remand

---

[5] To the extent that the Daspin Group seeks remand on the basis of the Removing Parties' alleged failure to accompany the Notice of Removal with "a copy of all process and pleadings," that argument is rejected. (Daspin Group Br. 22.) Assuming *arguendo* that the Removing Parties did fail to attach all "process and pleadings," an assumption that is heavily disputed, such a curable procedural defect does not affect the right to remove. See, e.g., Covanta Onondaga Ltd. v. Onondaga County Resource Recovery Agency, 281 B.R. 809, 813 (Bankr. N.D.N.Y. 2002) (holding that failure to file copies of records and proceedings with notice of removal is not fatal to removal notice because it is a curable defect that can be cured at a later date).

or abstention. In a recent Eastern District of Pennsylvania decision, the district court reversed a bankruptcy court decision granting remand, finding that the court should have transferred the motion to the "home court" of the bankruptcy rather than deciding the motion itself. The Court stated:

> "[T]he weight of authority in this jurisdiction, and in several others, suggests that when a bankruptcy court is simultaneously confronted with (1) a motion to transfer venue or change venue of an action which has been removed to it pursuant to 28 U.S.C. § 1452(a) and (2) a motion to remand or otherwise abstain from hearing the change of venue action pursuant to 28 U.S.C. § 1334(c) the action should be transferred to the home court of the bankruptcy to decide the issue of whether to remand or abstain from hearing the action."

<u>George Junior Republic in Pennsylvania v. Frances Williams</u>, Civ. No. 07-4357, 2008 U.S. Dist. LEXIS 22682 at * 14 (E.D.Pa. March 19, 2008). The reason to transfer the case to the home court of the bankruptcy filing is because "the 'home court' is in the best position to evaluate the claims and determine whether remand is appropriate." <u>Id</u>. at *15. Transferring the case is particularly appropriate "when the court to which the case has been removed has no interest in the proceedings. . ." <u>Id</u>. at *16. Other courts agree. <u>See, e.g.</u>, <u>Hohl v. Bastian</u>, 279 B.R. 165, 177 (W.D. Pa. 2002) ("[T]he home court presumption provides that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation, including those suits which have been filed in other state or federal courts.); <u>Zhang v. Rothrock</u>, No. H-05-3461, 2006 WL 213951, at *1 (S.D. Tex. Jan. 25, 2006) ("There is a strong presumption that proceedings 'related to' a bankruptcy should be litigated in the judicial district where the bankruptcy itself is pending.")

Thomason argues that the "home court presumption" should be utilized on a case-by-case basis and that the facts of this case preclude its application. (Thomason Reply Br. 9.)

Additionally, the Daspin Group cites to an Eastern District of Arkansas Bankruptcy Court decision in which the court addressed the remand and abstention motions itself, rather than transferring them to the home court of the bankruptcy. (Daspin Br. 20-21) (citing <u>Frelin v. Oakwood Homes Corp.</u>, 292 B.R. 369, 379-80 (Bankr. E.D. Ark. 2003). The <u>Frelin</u> court, however, did not render a decision inconsistent with the home court presumption – rather, the court simply concluded that it had jurisdiction to decide the motion to remand and/or abstain and that it therefore "should and will" decide the motion. 292 B.R. at 380. Thus, to the extent that <u>Frelin</u> supports the proposition that courts do not apply a <u>per</u> <u>se</u> home court presumption but rather apply it on a case-by-case basis, this Court agrees.

On the facts of this case, however, the prudent decision is to allow the Bankruptcy Court in the Central District of California to make the remand decision. That court has been mired in the CHAMCO and ZXNA bankruptcy proceedings for several months now and is better-tasked and better-equipped to understand the impact of the State Court Actions on the bankruptcies. For example, the parties hotly dispute whether or not the present action constitutes a core or non-core bankruptcy matter. Mandatory abstention only applies to non-core matters – "that is, proceedings related to a case under title 11, but not arising under title 11, or arising in a case under title 11." <u>In re Seven Fields Development Corp.</u>, 505 F2d 237, 251 (3d Cir. 2007) (internal citations omitted); <u>see</u> <u>also</u> <u>In re Exide Technologies</u>, 544 F.3d 196, 206 (3d Cir. 2008) ("Whether claims are considered core or non-core proceedings dictates not only the bankruptcy court's role and powers but also the availability of mandatory abstention...") While this Court has already concluded – as a prerequisite to asserting jurisdiction – that the present case is "related to" a bankruptcy proceeding, it has not analyzed each claim to determine whether it is core or non-

9

core. Rather, because this type of analysis is intimately related to the administration of the bankruptcy estate, see 28 U.S.C. 157(b)(2), the home court is better positioned to conduct it. See, e.g., Bayou Steel Corp. v. Boltex Mfg. Co., L.P., No. 03-1045, 2003 WL 21276338, at * 1 (E.D. La. June 2, 2003) (home court presumption is heightened because "the determination under 28 U.S.C. § 157(b)(3) (i.e., whether this proceeding is a 'core' proceeding or is merely 'related to' the bankruptcy case) is required in order to decide plaintiff's motion for abstention and/or remand. This determination is for the bankruptcy judge...").[6]

None of Thomason's arguments in opposition change this conclusion. Specifically, Thomason argues that the Removing Parties are engaged in forum shopping, that the settlement before the bankruptcy court will not be approved, and that the bankruptcy court is not itself the proper venue for the ongoing CHAMCO and ZXNA bankruptcy proceedings. (Id. at 9-10.) First, the mere allegation that the Removing Parties are engaged in forum shopping does not undermine the home court presumption, and it can easily be taken into account by the bankruptcy court in evaluating the motions. More importantly, the future rejection of the settlement agreement – upon which Thomason hinges much of its argument – did not occur. Rather, the bankruptcy court approved the settlement agreement over Thomason's objection, thereby strengthening the case for transfer of the present action. Finally, whether or not the bankruptcy court is the proper venue for the ongoing bankruptcy proceeding is an issue to be decided by that

---

[6] Indeed, this Court recently held, in accordance with Judge Kugler's opinion in In re East West Trade Partners, Inc., No. 06-cv-01812 (RBK), 2007 WL 1213393 (D.N.J. April 23, 2007), that in the context of a motion to withdraw the reference, 28 U.S.C. § 157(b)(3) requires the bankruptcy judge to make the initial determination of whether a proceeding is core or non-core. Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998 (JLL), 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009).

court, not by this one.[7]

### 2. Transfer Venue

There is a split of authority on whether motions to transfer venue in cases related to a bankruptcy are governed by 28 U.S.C. § 1404 or 28 U.S.C. § 1412. 28 U.S.C. § 1404 serves as the general venue statute, where "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). For actions "related to" bankruptcies, many courts maintain that 28 U.S.C. § 1412 governs: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." The only difference between the two statutes is the additional requirement under §1404(a) only allowing transfer to a venue that would have been originally valid. See, e.g., City of Liberal, Kansas v. Trailmobile Corp., 316 B.R. 358, 362 (D. Kan. 2004) (discussing cases on each side of the split and recognizing the only "substantial difference" in the two statutes being the original venue requirement).

For the reasons set forth by In re Harnischfeger Industries, Inc., 246 B.R. 421, 434-35 (Bankr. N.D. Ala. 2000) and In re Bruno's, 227 B.R. 311, 323 (Bankr. N.D. Ala. 1998), and adopted by the City of Liberal court, this Court is persuaded that § 1412 controls change of venue motion with respect to a removed cause of action. This is because the plain language of § 1412 refers to a case or proceeding until Title 11 (the Bankruptcy Code), while the language of § 1404(a) only references a broader "civil action" and fails to use language specific to bankruptcy.

---

[7] The motion to transfer venue before the Bankruptcy Court remains pending, as the parties have stipulated to extend its return date pending settlement discussions. (CHAMCO Bankruptcy Action, Docket Entry # 71.)

Harnischfeger, 246 B.R. at 434.  Moreover, Fed. R. Bankr. P. 7087, which addresses removed adversary proceedings, explicitly references § 1412 rather than § 1404.  Id.

Thus, in the interests of justice, the Court grants the Ferla Group's motion to transfer. The validity of the remaining motions to remand and/or abstain shall be determined by the Bankruptcy Court of the Central District of California.  Moreover, in the event that the transferee court elects to keep the case, it is well-equipped (having appointed a Chapter 11 trustee) to evaluate Judge Escala's motion to be relieved as temporary fiscal agent.  In the event that the motions to remand and/or abstain are granted, then the New Jersey state court can make that determination.  Either way, given its familiarity with the parties, the facts, and the intricacies of the bankruptcy proceedings before it, the home court of the bankruptcy is the proper locale for determination of the motions to remand and the motion to terminate the special fiscal agent.

### III.   Conclusion

This Court follows the weight of authority in districts around the country and transfers the present case to the "home court" of the bankruptcy, whereupon the issue of whether to remand or abstain from hearing the action can be properly decided.

So Ordered.

Dated: February 27, 2009                                     /s/ Jose L. Linares
                                                             United States District Judge